IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| AMIR A. AL-DABAGH | ) | CASE NO. |
| 2228 Lost Creek Drive | ) | |
| Flushing, Michigan 48433, | ) | JUDGE |
| | ) | |
| Plaintiff, | ) | **COMPLAINT FOR DAMAGES,** |
| | ) | **DECLARATORY JUDGMENT AND** |
| v. | ) | **INJUNCTIVE RELIEF** |
| | ) | |
| CASE WESTERN RESERVE UNIVERSITY | ) | **(Jury Demand Endorsed Hereon)** |
| c/o Jeanine Arden Ornt, Statutory Agent | ) | |
| 10900 Euclid Avenue | ) | |
| Cleveland, Ohio 44106-7020, | ) | |
| | ) | |
| Defendant. | ) | |

Now comes Plaintiff, Amir A. Al-Dabagh ("Al-Dabagh"), by and through the undersigned

counsel, and brings this lawsuit against Defendant, Case Western Reserve University ("CWRU")

and for its Complaint, states as follows:

PARTIES

1.      Al-Dabagh is an individual domiciled and residing in the City of Flushing, County

of Genesee, State of Michigan.  Al-Dabagh is a resident and citizen of the State of Michigan for

the purposes of 28 U.S.C. 1332(a)(1).

2.      CWRU is a corporation organized and existing under the laws of the State of Ohio

and having its principle place of business in the City of Cleveland, County of Cuyahoga, State of

Ohio.  CWRU is an education and research institution comprised of ten or more divisions identified

as "colleges" or "schools", including but not limited to the "School of Medicine".  CWRU is a

citizen of the State of Ohio for the purposes of 28 U.S.C. 1332(a)(1).

JURISDICTION AND VENUE

3.      Jurisdiction is proper in this Court under 28 U.S.C. 1332(a)(1) as the parties are

citizens of different states, and venue is also proper under 28 U.S.C. 1391(a) as CRWU is a resident of this judicial district and a substantial part of the events giving rise to the action occurred in the City of Cleveland, County of Cuyahoga, State of Ohio.

FACTUAL BACKGROUND

4.      CWRU is a corporation engaged in the education of students in multiple disciplines, including but not limited to the study of medicine.

5.      In 2009, CWRU offered Al-Dabagh a position as a student in its School of Medicine, which Al-Dabagh accepted.

6.      Al-Dabagh began as a medical student at CWRU in the fall of 2009.

7.      A contract existed between Al-Dabagh and CWRU.

8.      At all times pertinent hereto, CWRU's School of Medicine maintained a student handbook (hereinafter "the Handbook"). A copy of the Handbook is attached hereto and marked as Exhibit A.

9.      The Handbook provides that in order to receive an MD degree from the Case Western Reserve University School of Medicine, students must: (1) Satisfactorily complete all Basic Science and Clinical components of the School of Medicine curriculum; (2) Pass the United States Medical Licensing Examination ("USMLE") Step 1 and Step 2 for Clinical Knowledge ("CK") and Clinical Skills ("CS"); (3) Satisfactorily complete their MD thesis; (4) Meet all financial obligations in a timely fashion to the University; and (5) Be approved to graduate by the Committee on Students.

10.      On or before April 10, 2014, Al-Dabagh satisfactorily completed all Basic Science and Clinical components of the School of Medicine curriculum.

11.    On or before April 10, 2014, Al-Dabagh passed the USMLE Step 1 and Step 2 CK and CS.

12.    On or before April 10, 2014, Al-Dabagh satisfactorily completed his MD thesis.

13.    At all times pertinent hereto, Al-Dabagh met all financial obligations in a timely fashion to CWRU.   To date, more than $140,000.00 has been paid to CWRU by or on behalf of Al-Dabagh as payment towards his medical degree.

14.    The Handbook provides that medical students are subject to review by the Committee on Students (hereinafter "COS") for professional attitudes and behavior.

15.    The COS is comprised of. at least nine voting members, including the committee chair. Nine members are elected by the Faculty of Medicine from among its membership; the Dean of the School of Medicine has the prerogative of appointing up to four additional voting members.  At least four members are from preclinical departments and at least four members from clinical departments.  A Dean's designate serves *ex officio* with vote. The following individuals serve *ex officio* without vote:  the Vice Dean for Medical Education, the Senior Associate Dean for Students, the Associate Dean for Student Affairs, the Assistant Deans for Students, the Associate Dean for Admissions, and the Registrar who serves as Secretary.

16.    In January of 2012, Al-Dabagh addressed allegations before the COS that he had engaged in inappropriate behavior in connection with a school dance, including touching the buttock of a female student and jumping from a cab travelling at 25 miles per hour.  Al-Dabagh denied the allegations against him.  The COS did not discipline Al-Dabagh and referred him for an intervention on professionalism.

17.    In January 2013, Al-Dabagh addressed allegations before the COS that he had issues with his communication style with other medical staff during an internal medicine internship

- 3 -

in September/October 2013. The COS required Al-Dabagh to repeat the internship, to complete gender specific training and indicated that the addendum reflecting the decision would be added to his school record. Al-Dabagh completed the training and satisfactorily repeated the internship.

18.     On April 10, 2014, CWRU sent and Al-Dabagh received the letter attached hereto as Exhibit B.  The letter provides, in pertinent part: "Congratulations! For Honors with Distinction in Research achievement, you will receive a graduation award certificate.  This certificate will be presented to you at Case Western Reserve University School of Medicine's Graduation Awards Ceremony and the ceremony will take place on: Saturday May 17, 2014 at 2:00 pm in the Strosacker Auditorium."  Five Deans from the Medical School, including four who serve on the COS, signed the letter.

19.     Based on the letter (Exhibit B) and upon information and belief, the COS met on or before April 10, 2014; determined that Al-Dabagh successfully satisfied all of the requirements of CWRU MD program; and the COS approved Al-Dabagh to graduate.

20.     On or about April 7, 2014, Al-Dabagh was convicted under North Carolina General Statute 20-138.1 of Driving While Impaired ("DWI"), including Careless and Reckless Operation. The conviction arose from a single-car accident on February 3, 2013, when Al-Dabagh swerved to miss a deer and ran into a utility pole.  No other automobiles or people were involved in the accident.

21.     As of April 7, 2014, Al-Dabagh had already successfully completed all academic, research and clinical requirements of the CWRU medical degree program.

22.     The Handbook contains no requirement that a student inform CWRU of a criminal charge such as that for which Al-Dabagh was convicted.

- 4 -

23.     On or before April 14, 2014, CWRU was aware of the aforementioned criminal conviction.

24.     On April 17, 2014, the COS scheduled a special meeting to review Al-Dabagh's progress in medical school and consider disciplining Al-Dabagh.

25.     On April 18, 2014, the COS issued a finding that "Amir Al-Dabagh will be dismissed from the medical school effective immediately, for continued and serious breaches in the code of conduct and standards of professionalism."

26.     The Handbook provides that a student may request an appeal hearing for reconsideration of a decision made by the COS.

27.     Al-Dabagh promptly notified CWRU of his appeal of the April 18, 2014, decision by the COS to dismiss him.

28.     On May 8, 2014, a hearing was held before the COS, after which with COS issued a finding that Al-Dabagh will be given the opportunity to withdraw, in writing, from the School of Medicine, and if a letter of withdrawal is not submitted by Monday, May 19, 2014, Al-Dabagh will be dismissed on grounds of failing to meet professional standards.  .

29.     On or before May 8, 2014, Al-Dabagh was actually and/or constructively dismissed from the CWRU School of Medicine.

30.     Al-Dabagh has attempted to mitigate his claimed damages by exhausting all administrative remedies available to him to modify or reverse CWRU's decision to dismiss him.

<u>COUNT ONE</u>
(Breach of Contract)

31.     Plaintiff restates, reasserts and re-alleges the foregoing statements, assertions and allegations as if fully rewritten herein.

32.     In furtherance of its Handbook, CWRU has a duty to respond to disciplinary

incidents consistent with the Handbook's terms and in a manner that comports with fundamental fairness and does not constitute an abuse of its discretion.

33.     Al-Dabagh satisfied each and every one of the requirements of the CWRU medical degree program, having satisfactorily completed all requirements as set forth in the Handbook for obtaining his medical degree from CWRU.

34.     Al-Dabagh provided good and fair consideration to CWRU in furtherance of obtaining his medical degree from CWRU, said consideration being in excess of $140,000.00.

35.     CWRU materially breached its duties owed to Al-Dabagh by dismissing him from the School of Medicine.

36.     As a result of CWRU's material breach, Al-Dabagh has suffered actual damages, past, present and future, including but not limited to the loss of more than $140,000.00 (less?) paid to CWRU,  lost profits, and lost career/business opportunities for which CWRU is liable.

<u>COUNT TWO</u>
(Injunctive Relief)

37.     Plaintiff restates, reasserts and re-alleges the foregoing statements, assertions and allegations as if fully rewritten herein.

38.     As a result of CWRU's material breach of contract and failure to acknowledge the completion of its contract with Plaintiff, Al-Dabagh will lose the opportunity to participate in multiple medical residencies scheduled to begin in June 2014, which residencies are unique and irreplaceable.

39.     As a result of CWRU's material breach of contract and failure to acknowledge the completion of its contract with Plaintiff, Al-Dabagh will continue to suffer damage to his personal and professional reputation which will preclude him from obtaining professional opportunities in the future.

40.     Al-Dabagh is entitled to an Order granting injunctive relief (a) requiring CWRU to provide to Al-Dabagh his Doctor of Medicine degree and medical school diploma forthwith and, (b) prohibiting CWRU from making (or causing to be made) any statements, written or otherwise, representing (or causing to be causing to be represented) that Al-Dabagh is and/or was dismissed from the CWRU School of Medicine.

<u>COUNT THREE</u>
(Declaratory Judgment)

41.     Plaintiff restates, reasserts and re-alleges the foregoing statements, assertions and allegations as if fully rewritten herein.

42.     An actual controversy within the jurisdiction of this Court exists between Al-Dabagh and CWRU as related to this matter.

43.     Said controversy is justiciable in character.

44.     Speedy relief is necessary to preserve the rights of the parties.

45.     Resolution of this controversy will clarify the rights of the parties to this matter.

46.     Plaintiff is entitled to a declaration that on or before April 10, 2014, Plaintiff fully performed all duties under the contract between the parties.

47.     Plaintiff is entitled to a declaration that on or before April 10, 2014, he obtained his medical degree from Defendant.

48.     Plaintiff is entitled to a declaration requiring Defendant to provide forthwith to Plaintiff a medical degree diploma from Defendant's School of Medicine.

49.     Plaintiff is entitled to a declaration that his conviction for driving under the influence did not breach the education contract between the parties.

WHEREFORE, Plaintiff prays for judgment against Defendant Case Western Reserve University as follows:

- 7 -

(1)    As to Count One, that judgment be entered in favor of Amir A. Al-Dabagh against Defendant for damages arising from Defendant's breach of contract with Amir A. Al-Dabagh in an amount not less than Seventy-Five Thousand Dollars ($75,000.00); and

(2)    As to Count Two, that judgment be entered in favor of Amir A. Al-Dabagh against Defendant for injunctive relief requiring Defendant to forthwith provide Plaintiff with his Doctor of Medicine Degree and his diploma from the Case Western Reserve University School of Medicine, and prohibiting Defendant from making any statements regarding Plaintiff's dismissal from the Case Western Reserve University School of Medicine;

(3)    As to Count Three, that judgment be entered stating that (a) Amir A. Al-Dabagh has performed all duties required under the contract between the parties, (b) Amir A. Al-Dabagh has successfully completed all of the requirements to obtain his Medical Degree and diploma from the Case Western Reserve University School of Medicine, (c) Plaintiff's conviction for driving under the influence did not breach the education contract between the parties and, (d) Defendant is required to provide forthwith  to Plaintiff his Doctor of Medicine degree and diploma from the Case Western Reserve University School of Medicine; and

(4)    As to all counts, that Plaintiff be awarded attorneys' fees, the costs of this action, and such other and further relief as this Court may deem appropriate.

Respectfully submitted,

/s/ *Peter A. Holdsworth*
Peter A. Holdsworth (005211)
Christopher A. Holecek (0040840)
Patrick J. Quallich (0071337)
WEGMAN, HESSLER & VANDERBURG
6055 Rockside Woods Blvd., #200
Cleveland, Ohio  44131
Tel:  (216) 642-3342 / Fax:  (216) 520-0145
Email:  CAHolecek@wegmanlaw.com
          PJQuallich@wegmanlaw.com
          PAHoldsworth@wegmanlaw.com

-8-

Mayer Morganroth
Morganroth & Monganroth
344 North Old Woodward Avenue, Suite 200
Birmingham, MI 48009
Tel: (248) 864-4000/Fax: (248) 864-4001
Email:  mmorganroth@morganrothlaw.com

## JURY DEMAND

Plaintiff hereby demands a trial by Jury pursuant to Civ. R. 38(B) of the Rules of Civil

Procedure.

/s/ *Peter A. Holdsworth*
Peter A. Holdsworth (005211)
Christopher A. Holecek (0040840)
Patrick J. Quallich (0071337)

## CERTIFICATE OF SERVICE

I hereby certify that on May 14, 2014, a copy of the foregoing *Complaint* was sent by

Federal Express overnight mail to the following:

Case Western Reserve University                    Defendant
C/O Peter M. Poulos, Chief Litigation Counsel and
  Chief Risk Management Officer
10900 Euclid Avenue
Cleveland, Ohio 44106-7020

/s/ *Peter A. Holdsworth*
One of the Attorneys for Plaintiff