UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
AMIR A. AL-DABAGH, :
: CASE NO. 1:14-CV-01046
Plaintiff, :
:
vs. : OPINION & ORDER
: [Resolving Doc. 8]
CASE WESTERN RESERVE :
UNIVERSITY, :
:
Defendant. :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Amir Al-Dabagh is a student at Defendant Case Western Reserve University's School of Medicine.[1] Although he had two incidents involving the University's Committee on Students, responsible for discipline, the University told Al-Dabagh on April 10, 2014, that he was scheduled to graduate on May 18, 2014.[2]

However, on April 14, 2014, the University's Committee on Students informed Al-Dabagh that the Committee would "review [his] progress in medical school and may issue sanctions" because of a conviction for driving while intoxicated in North Carolina.[3]

On April 18, 2014, the Committee informed Al-Dabagh that he would be dismissed from the medical school "effective immediately, for continued and serious breaches in the code of conduct and standards of professionalism."[4]

On May 8, 2014, the Committee revised its ruling, allowing Al-Dabagh the chance to

---

[1] Doc. 2-2, Al-Dabagh Decl. at 1 ¶¶ 3-6.
[2] Doc. 2-7.
[3] Doc. 2-14.
[4] Doc. 2-15.

Case No. 1:14-CV-01046
Gwin, J.

withdraw from the University before May 19; if he does not withdraw by then, the University says it will dismiss him.[5]

Before this disciplinary process, Al-Dabagh was supposed to graduate on May 18 and begin a residency program in Columbus on June 17, 2014.[6]

On May 14, 2014, Al-Dabagh sued Case for breach of contract[7] and moved for a temporary restraining order[8] and a preliminary injunction.[9] He seeks an order from this Court enjoining the University from "denying Al-Dabagh the medical school degree and diploma he had earned," from disclosing to anyone that Al-Dabagh had been expelled or dismissed, and from placing in his file at Case that he had been expelled or dismissed.[10] Al-Dabagh also moves for an emergency hearing on his motions.[11]

In deciding whether to grant injunctive relief under Civil Rule 65, the Court considers four factors: (1) the movant's likelihood of success on the merits; (2) whether the movant will suffer irreparable harm without the injunction; (3) whether granting the injunction will cause substantial harm to others; and (4) the impact of the injunction on the public interest.[12] A court need not make specific findings on each factor, if fewer factors dispose of the issue.[13] An injunction is an

---

[5] Doc. 2-16.
[6] Doc. 2-2, Al-Dabagh Decl. at 4 ¶¶ 28-29.
[7] Doc. 1.
[8] Doc. 3.
[9] Doc. 2.
[10] Doc. 2; Doc. 3.
[11] Doc. 8.
[12] *Eden Foods, Inc. v. Sebelius*, 733 F.3d 626, 631 (6th Cir. 2013) (citing *Ne. Ohio Coal. for Homeless v. Husted*, 696 F.3d 580, 590-91 (6th Cir. 2012)).
[13] *Six Clinics Holding Corp., II v. Cafcomp Sys., Inc.*, 119 F.3d 393, 399 (6th Cir. 1997).

Case No. 1:14-CV-01046
Gwin, J.

"extraordinary remedy" available only when the circumstances "clearly demand it."[14/]

In this case, the Court finds that two factors—whether Al-Dabagh will suffer irreparable injury and whether granting the injunction will cause substantial harm to others—dispose of the issue and support a limited temporary restraining order.

Recall, Al-Dabagh is scheduled to begin a residency program on June 17. If the University expels or dismisses Al-Dabagh on May 19, that opportunity will likely become unavailable to Al-Dabagh. If he is unable to begin a residency program, his career as a doctor will, at the very least, be delayed by a year. Therefore, the Court finds that Al-Dabagh has established a threat of irreparable harm in the absence of a temporary restraining order.

The Court also finds that a limited restraining order will not cause harm to the University. The Court schedules this matter for a hearing on May 19, 2014; restraining the University from dismissing until the hearing will not harm the University or other third-parties.

Therefore, the Court **ENJOINS** the University from 1) expelling or dismissing Al-Dabagh from the School of Medicine and 2) disclosing to anyone that Al-Dabagh has been expelled or dismissed from the University. The Court schedules this matter for a hearing on May 19, 2014, at 10:00 a.m., Courtroom 18A (Cleveland) when the Court will determine whether to continue the temporary restraining order. Al-Dabagh must post a $200 cash bond. The Court **DENIES** the

---

[14/]*Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000).

Case No. 1:14-CV-01046
Gwin, J.

emergency motion for a conference before May 17, 2014, as moot.

    IT IS SO ORDERED.


Dated: May 14, 2014          s/ *James S. Gwin*
                                               JAMES S. GWIN
                                               UNITED STATES DISTRICT JUDGE